## *Ex parte* COLEMAN.

Decided February 21, 1890.

*Attorney at law—Petition for license—Minority.*

> A male citizen under the age of twenty-one years cannot be admitted to· practice law in the courts of this State, although his disability to transact business in general has been removed by an order of the circuit court,. pursuant to section 1362 of Mansfield's Digest.

*Ex parte* petition for license to practice law.

BATTLE, J.   Charles T. Coleman asks that he be " licensed as an attorney at law and solicitor in chancery," and says that he is not over twenty-one years of age, " but that his. disabilities have been removed generally by an order of the Pulaski circuit court."

The statute which prescribes the qualifications of a person entitled to be admitted to practice law in the courts of this. State says he must be a male citizen of the State and of the age of twenty-one years.   Coleman is not twenty-one years. old, but says that the disability of minority has been re-

moved from him by an order of the Pulaski circuit court. The statute under which this order was made, in defining the jurisdiction of the circuit courts, says: "They shall have power to authorize any person who is a resident of the county, and under twenty-one years of age, to transact business in general, and any particular business specified, in like manner and with the same effect as if such act or thing was done by a person above that age; and every act done by a person so authorized, shall have the same force and effect in law and equity as if done by a person of full age." Mansfield's Digest, section 1362.

Under this statute and the order of the Pulaski circuit court, Coleman is authorized to transact business in general in like manner and with the same effect as he could do if he was twenty-one years old. But does it entitle him to practice law, if he has the other qualifications?

Attorney— Minority.

Attorneys at law are officers of the courts, and, if qualified, are valuable auxiliaries in the administration of justice and the enforcement of the laws. They are as essential to the successful workings of the courts as the clerk or sheriff, and sometimes as the judges themselves. Their utility and importance have ever been recognized by the laws of this State, and qualifications to practice law have been prescribed to protect the courts, the public and the profession against the admission of incompetent or unworthy members. Under the laws of this State, no one except a male citizen of the age of twenty-one years or over, of good moral character, possessing the requisite qualifications of learning and ability is entitled to be admitted. Every applicant, before his admission, is required to be examined in open court touching his knowledge of the law, and to produce to the court by sworn petition, satisfactory proof of his qualifications, and to take an oath to support the constitution of the United States and of this State, and faithfully to discharge the duties of the office upon which he is about to enter. Mansfield's Dig., secs. 406–408.

·The statutes prescribing the qualifications of those who shall be admitted to practice law are special statutes. They prescribe the qualifications of persons allowed to follow a particular vocation. These qualifications are required in every case. The statute under which the Pulaski circuit court made the order, under which Coleman claims his disability was removed, was enacted subsequently to the statutes prescribing the qualifications of those who can be admitted to practice law, and is a general statute, and does not expressly repeal or modify the special statutes fixing the qualifications of attorneys and counselors at law. There is no invincible repugnancy between them. It is obvious that the legislature did not have in mind the special statutes or the qualifications of an attorney at law, nor intend to repeal or modify the special statutes when the general was enacted. The general statute was intended to give to circuit courts jurisdiction to authorize minors to do business in the same manner as adults could do without special license, and not to change any of the qualifications required by the special statutes. According to the rule stated in *Chamberlain* v. *State*, 50 Ark., 132, these statutes should be interpreted together, and the specific provisions of the special should be treated as exceptions and qualifications to the general.

In *Hershy* v. *Latham*, 42 Ark., 305, it was contended that the act of April 28, 1873, "for the protection of married women," which empowers them to sue alone and in their own names, on account of their separate property, repealed by implication the saving clause in their favor in the seven years statute of limitations. But this court said: "The wording of our statute limiting the time for the bringing of the action for the recovery of real property is peculiar. It gives the married woman three years after discoverture; that is, after the release from the bonds of matrimony by the death of the husband, or by divorce. If the language had been 'three years after the removal of her disability,' we might very well hold that her disability could be removed

by an act of the legislature as well as by the husband's death. But to declare that it was the intention of the legislature or the necessary consequences of the married woman's act to shorten the period for bringing such actions, is to assume that the only consideration which operated on the law-making power, in making an exception in her favor, was her disability to sue at common law without joining her husband. Doubtless this was the principal reason. But we are not sure this was the sole reason."

So in this case other considerations doubtless operated upon the law-making power in denying to the person under the age of twenty-one years the right to practice law, besides his presumed incapacity to make intelligent and beneficial contracts and manage his own affairs. In considering the statute giving the circuit courts jurisdiction to authorize minors to do business, in *Doles* v. *Hilton*, 48 Ark., 305, this court said: "The object of the common law in making minors incapable of binding themselves absolutely and irrevocably by contract is to protect them from improvident engagements; but inasmuch as there are minors capable of making intelligent and beneficial contracts and managing their own affairs, the legislature in its wisdom saw fit to authorize the probate and circuit courts to remove the disabilities of such minors. Its intention was to authorize the removal of disabilities only in those cases where the limitation upon the capacity of the minors to contract worked a hardship, and the reason for the limitation does not exist. If such had not been its intention, its object could and would have been more easily accomplished by an act removing the disabilities of all minors."

Such were the considerations which moved the legislature to pass the general statute. In the enactment of the special, it was doubtless governed by other reasons. In requiring the applicant for license to practice law to be twenty-one years old before he can be licensed, it doubtless intended he should possess that judgment, discretion, experience and other qualifications which can only be acquired

in a life of twenty-one years or more. The objects of the statutes being different, the requirements of the same necessary to accomplish the objects are necessarily different; and there is no repugnancy between them, and all are in force.

The right to practice law in the courts is a privilege, and not an absolute right. The legislature has the right to prescribe the qualifications of those who exercise it, and has done so, and left to the courts no discretion as to the same. They must be twenty-one years old. Mr. Coleman does not possess this qualification, and for this reason alone his application is denied.

HEMINGWAY, J., dissented.